Tracy Green (Bar No. 114876)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: tgreen@wendel.com

Attorneys for Michael G. Kasolas, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FIFTH STREET LOFTS, LLC,<br><br>Debtor. | Case No. 17-42303-RLE<br><br>Chapter 7 |
| MICHAEL G. KASOLAS, Trustee<br><br>Plaintiff<br><br>Vs.<br><br>JEFFREY W.T. MARK and LI WEN BU<br><br>Defendants. | AP No.<br><br>**COMPLAINT FOR MANDATORY SUBORDINATION PURSUANT TO 11 U.S.C. § 510(b); AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547 AND FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. § 548.** |

Plaintiff Michael G. Kasolas ("Trustee") in his capacity as Chapter 7 Trustee in bankruptcy in the estate of Fifth Street Lofts, LLC ("Debtor"), files this complaint against Jeffrey W.T. Mark ("Mark") and Li Wen Bu ("Bu") ( collectively "Defendants") for mandatory subordination, avoidance of preferential transfer and avoidance of fraudulent conveyance and alleges as follows:

017558.0066\5206140.1  COMPLAINT FOR MANDATORY SUBORDINATION, ETC.  1

## JURISDICTION AND VENUE

This Court has jurisdiction over this adversary proceeding 28 U.S.C. §§ 157 and 1334.

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 et. seq. and 11 U.S.C. §§ 502, 510(b), 547, 548 and 550.

2. Venue is proper pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is a core proceeding as that term is defined at 28 U.S.C. §157(b)(2)(A), (B), (F), (H), (K) and (O). This Court may enter a final judgment herein, subject to review by the United States District Court under 28 U.S.C. § 158.

## GENERAL ALLEGATIONS

4. On September 13, 2018 ("Petition Date"), Fifth Street Lofts, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division ("Bankruptcy Court'), Case No.17-42303 ("Bankruptcy Case").

5. The Trustee is informed and believes that the Debtor is a Delaware limited liability company whose principal place of business is in Alameda County, California.

## PARTIES

6. The Trustee is the duly appointed, qualified and acting chapter 7 Trustee of the Debtor's bankruptcy estate.

7. Defendants Mark and Bu submitted themselves to the Jurisdiction of this Court by filing a proof of claim in the amount of $3,025,890, Claim No.12-1 on January 23, 2018.

8. The Trustee is informed and believes that Mark is a resident of San Mateo County.

9. The Trustee is informed and believes that Bu is a resident of San Mateo County.

10. The Trustee is informed and believes that at all times relevant to this adversary proceeding Mark was an insider of the Debtor as defined by Bankruptcy Code § 101(31) by virtue of his membership interest in the Debtor.

11. The Trustee is informed and believes that at all times relevant to this adversary proceeding Bu was an insider of the Debtor as defined by Bankruptcy Code § 101(31) by virtue of her membership interest in the Debtor.

## THE OPERATING AGREEMENT

12. On or about June 11, 2015, Mark and Bu and the Debtor's principals Amanda Kobler ("Kobler") and Yusufu Bomani ("Bomani") (collectively "Members") executed an Operating Agreement of Fifth Street Lofts LLC, a Delaware Limited Liability Company ("Operating Agreement"), pursuant to which Defendants agreed to be, as Managing Members, the primary equity investors for the development of the Debtor's property in exchange for a 30% membership interest in the Debtor.

13. Under the terms of the Operating Agreement Defendants were to make a $1,700,000 equity contribution within 3 days of executing the Operating Agreement.

14. Under the Operating Agreement Defendants were to receive a 30% interest in the Debtor.

15. Under the Operating Agreement Defendants were to be repaid from the sale of the units within 18 months from the commencement of the construction and interest was to accrue at the rate of 12% on any principal balance still owing after 18 months.

16. The Trustee is informed and believes that the document attached hereto as **Exhibit A** is a true and correct copy of the Operating Agreement.

17. On or about June 11, 2015, the Members executed the First Amendment to the Operating Agreement of Fifth Street Lofts LLC A Delaware Limited Liability Company ("Amended Operating Agreement"), wherein the Operating Agreement was amended to provide that Defendants would make their cash contribution invested within 1 business day following execution of the Amended Operating Agreement, and the Debtor would make monthly interest payments to Defendants in the sum of 12% per annum.

18. The Trustee is informed and believes that the document attached hereto as **Exhibit B** is a true and correct copy of the Amended Operating Agreement.

19. The Amended Operating Agreement provided that Defendants would be repaid within 90 days of the closing of the acquisition.

20. The Amended Operating Agreement provided that if the Debtor did not pay the Defendants as set forth above, the Debtor would continue to pay the monthly interest payments, and Defendants would receive 45% of the profits upon the sale of the condominium units.

## THE JUDGEMENT LIEN

21. The Trustee is informed and believes that the Debtor purchased that real property commonly known as 377-385 5th Street Oakland, California 94607 ("Property").

22. The Trustee is informed and believes that on August 30, 2016, Defendants filed a lawsuit against the Debtor and Kobler in the Alameda County Superior Court Case No RG16829329 alleging causes of action of Quiet Title, Fraud, Breach of Contract ("Fraud Litigation").

23. The Trustee is informed and believes that on August 30, 2016, Defendants filed a Notice of Pendency of Action ("Lis Pendens") on the Property based on the Fraud Litigation.

24. The Trustee is informed and believes that on or about October 5, 2016, Defendants entered into a Settlement Agreement and Release ("Settlement Agreement") with the Debtor and Kobler.

25. The Trustee is informed and believes that the document attached hereto as **Exhibit C** is a true and correct copy of the Settlement Agreement.

26. Under the terms of the Settlement Agreement the Debtor was to tender $200,000 to Defendants of which $85,000 was to be applied to accrued interest and $115,000 applied to principal.

27. Under the terms of the Settlement Agreement the remaining balance of principal and interest in the sum of $1,619,000 ("Balance Due") was to be paid by December 31, 2016.

28. Under the terms of the Settlement Agreement Defendants were to remain as the Operating Managers of the Debtor until the Balance Due was paid.

29. Under the terms of the Settlement Agreement Defendants were to release their Lis Pendens within 7 days of acceptance of the $200,000 set forth above.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

017558.0066\5206140.1   COMPLAINT FOR MANDATORY SUBORDINATION, ETC.
4

30. Under the terms of the Settlement Agreement, if the Debtor and Kobler failed to perform under the Settlement Agreement Defendants were entitled to a $3,000,000 judgment and entitled to foreclose on the Property.

31. The Trustee is informed and believes that Defendants received the $200,000 from the Debtor.

32. The Trustee is informed and believes that Defendants released the Lis Pendens.

33. The Trustee is informed and believes that the Defendants filed a Release of Notice of Pendency of Action (Lis Pendens) on October 17, 2016.

34. The Trustee is informed and believes that the document attached hereto as **Exhibit D** is a true and correct copy of the recorded Release of Notice of Pendency of Action (Lis Pendens).

35. The Trustee is informed and believes that Defendants filed a Notice of Motion and Motion of Plaintiffs to Enforce Settlement Agreement (C.C.P. §664.6) ("Motion to Enforce Settlement Agreement") in the Fraud Litigation, asking the Court to enforce the Settlement Agreement and award a judgment jointly and severally against Kobler and the Debtor.

36. The Trustee is informed and believes that the document attached hereto as **Exhibit E** is a true and correct copy of Defendants' Motion to Enforce Settlement Agreement.

37. The Trustee is informed and believes that the Superior Court granted Defendants' Motion and entered an order awarding Defendants $3,000,000, and foreclosure of the Property by Order dated March 8, 2017 ("March 8, 2017 Order").

38. The Trustee is informed and believes that the document attached hereto as **Exhibit F** is a true and correct copy of the March 8, 2017 Order.

39. The Trustee is informed and believes that Defendants recorded the March 8, 2017 Order or Abstract of Judgment on March 15, 2017, thus encumbering the Property with a lien in the sum of $3,000,000 ("Lien").

40. The Trustee is informed and believes that the document attached hereto as **Exhibit G** is a true and correct copy of a Preliminary Title Report which reflects the recordation of the March 8, 2017 Order.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

017558.0066\5206140.1    COMPLAINT FOR MANDATORY SUBORDINATION, ETC.

5

## THE BANKRUPTCY CASE

41. The Trustee sold the Property free and clear of Defendants' lien, with Defendants' lien transferring to the proceeds of sale.

42. Attached hereto is a true and correct copy of the Order Authorizing Sale of Real Property Free and Clear of Liens (Docket No. 36) signed by the Court on April 5, 2018, and entered on the Bankruptcy Docket on April 6, 2018.

## FIRST CLAIM FOR RELIEF
### (Mandatory Subordination)
### 11 U.S.C. § 510(b)

43. The Trustee hereby incorporates by reference each and every allegation set forth herein above of this Complaint as if fully set forth herein.

44. Section 510(b) of the Bankruptcy Code requires that a claim for damages arising from the purchase or sale of a security of the debtor or an affiliate of the Debtor must be subordinated to all claims and interest that are senior to or that equal the claims or interest of holders of that security.

45. Defendants recorded the Lien which encumbered the Property and filed that Proof of Claim No. 12-1 for the sum of $3,025,890 (collectively "Claims"), arising from Defendants' purchase of an interest in the Debtor.

46. Defendants' Claims are subject to mandatory subordination under Bankruptcy Code Section 510(b).

47. The Trustee is entitled to judgment subordinating Defendants' Claims and Lien to all claims and interests that are senior to or equal to Defendants' Claim and Lien.

WHEREFORE, the Trustee prays for judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Avoidance of Constructive Fraudulent Transfer)
### 11 U.S.C. §548(a)(1)(B)

48. The Trustee hereby incorporates by reference each and every allegation set forth herein above of this Complaint as if fully set forth herein.

49. The Trustee is informed and believes that Defendants executed and enforced the Settlement Agreement that increased Defendants' debt from $1.7 million to $3 Million ("$3 Million Debt").

50. The Trustee is informed and believes that Defendants obtained the March 8, 2017 Order and recorded it or recorded an Abstract of Judgment securing Defendants $3 Million Debt on or about March 15, 2017.

51. The Trustee is informed and believes that the Settlement Agreement, the March 8, 2017 Order and the recordation of the March 8, 2017 Order or Abstract of Judgment (collectively the "548 Transfers") were made within two years before the Petition Date.

52. The Trustee is informed and believes that the Debtor received less than reasonably equivalent value in exchange for the 548 Transfers.

53. The Trustee is informed and believes that that Debtor was insolvent on the date the 548 Transfers were made, or became insolvent as a result of the 548 Transfers.

54. The Trustee is informed and believes that at the time of the 548 Transfers the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay such debts as they matured, including, but not limited to the debts represented by the Proofs of Claim filed in this Bankruptcy Case.

55. Pursuant to 11 U.S.C. § 548(a)(a)(B), the Trustee may avoid the 548 Transfers.

WHEREFORE, the Trustee prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Recovery of Preferential Transfer)**
**11 U.S.C. § 547**

56. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

57. In October 2016 Defendants were members of the Debtor.

58. Defendants were insiders of the Debtor in October 2016 as that term is defined in Bankruptcy Code § 101(31).

59. The Debtor paid Defendants $200,000 in October 2016 ("547 Transfer") for their benefit as creditors pursuant to the terms of the Settlement Agreement.

COMPLAINT FOR MANDATORY SUBORDINATION, ETC.
7

60. The 547 Transfer was made on account of an antecedent debt owed by the Debtor before such transfer was made.

61. The 547 Transfer was made while the Debtor was insolvent.

62. The 547 Transfer was made between 90 days and one year before the Petition Date.

63. The 547 Transfer enabled Defendants to receive more than they would have received if this case was under Chapter 7 of Title 11, the 547 Transfer had not been made, and Defendants received payment of such debt to the extent provided by the provisions of Chapter 7, Title 11.

WHEREFORE, the Trustee prays for judgment as hereinafter set forth

### FOURTH CLAIM FOR RELIEF
### (Recovery of Preferential Transfer)
### 11 U.S.C. § 547

64. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

65. Defendants recorded their Lien on or about March 15, 2017 (" Lien 547 Transfer").

66. In March 2017 Defendants were members of the Debtor.

67. Defendants were insiders of the Debtor in March 2017 as that term is defined in Bankruptcy Code § 101(31).

68. The Lien 547 Transfer was for the benefit of Defendants as creditors.

69. The Lien 547 Transfer was made on account of an antecedent debt owed by the Debtor before such transfer was made.

70. The Lien 547 Transfer was made while the Debtor was insolvent.

71. The Lien 547 Transfer was made within one year before the Petition Date.

72. The Lien 547 Transfer enabled Defendants to receive more than they would have received if this case was under Chapter 7 of Title 11, the Lien 547 Transfer had not been made, and Defendants received payment of such debt to the extent provided by the provisions of Chapter 7, Title 11.

WHEREFORE, the Trustee prays for judgment as hereinafter set forth.

017558.0066\5206140.1  COMPLAINT FOR MANDATORY SUBORDINATION, ETC.  8

## FIFTH CLAIM FOR RELIEF
### (Recovery of Avoided Transfers from Initial Transferees)
### 11 U.S.C. § 550(a)(1)

73. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

74. The Trustee may avoid the 548 Transfers pursuant to 11 U.S.C. § 548.

75. The Trustee may avoid the 547 Transfer and 547 Lien Transfer pursuant to 11 U.S.C. 547.

76. Defendant Mark was the initial transferee of the 548 Transfers.

77. Defendant Bu was the initial transferee of the 548 Transfers.

78. Defendant Mark was the initial transferee of the 547 Transfers.

79. Defendant Bu was the initial transferee of the 547 Transfers.

80. Pursuant to 11 U.S.C. 550(a)(1), the Trustee may recover the 548 and 547 Transfers from Mark.

81. Pursuant to 11 U.S.C. 550(a)(1), the Trustee may recover the 548 and 547 Transfers from Bu.

WHEREFORE, the Trustee prays for judgment as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF
### (Objection to Claim)
### 11 U.S.C. § 502(d)

82. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

83. The 547 and 548 Transfers are avoidable under 11 U.S.C. §§ 547 and 548.

84. The Trustee is informed and believes that Defendants filed that Proof of Claim No. 12-1.

85. Pursuant to 11 U.S.C. § 502(d), each and every claim of Defendants should be disallowed to the extent that Defendants have not surrendered to the Trustee the 547 and/or 548 Transfers, or the value of the property transferred through the 547 and 548 Transfers, in such amount as establish according to proof, but without limitation as to any and all other grounds of disallowance not presently known to the Trustee but that may be establish according to proof.

WHEREFORE, the Trustee prays for the following relief:

**PRAYER**

**FIRST THROUGH FIFTH CLAIMS FOR RELIEF**

1. For entry of judgment avoiding the 547 Transfer pursuant to 11 U.S.C. § 547 in the sum of $200,000.

2. For entry of judgment avoiding the Lien 547 Transfer pursuant to 11 U.S.C. § 547.

3. For entry of judgment avoiding the 548 Transfers pursuant to 11 U.S.C.§ 548 in the sum of $3,000,000.

4. For entry of judgment subordinating Defendants Claims to all claims and interests that are senior to or equal to Defendants' Claim and Lien pursuant to 11 U.S.C. § 510(b).

5. For entry of judgment directing Defendants to remit the 547 and 548 Transfers to the Trustee.

6. For an order directing payment of the amount of the 547 and 548 Transfers by Defendants to the Trustee.

**SIXTH CLAIM FOR RELIEF**

7. For entry of an order disallowing any and claims assert by or on behalf of Defendants.

**FOR ALL CLAIMS FOR RELIEF**

8. For interest on all sums at the legal rate from the date of the Transfers

9. For all attorneys' fees and costs of suit incurred herein; and

10. For such other and further relief as the Court deems proper.

DATED: September 21, 2018        WENDEL, ROSEN, BLACK & DEAN LLP

By:  */s/ Tracy Green*
Tracy Green
Attorneys for Plaintiff Michael G. Kasolas, Trustee

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036